UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
DONNA GREENE,

                              Plaintiff,                COMPLAINT
                                                             (Jury Trial Demanded)

   -against-

                                                             19 Civ.

CITY OF NEW YORK, DETECTIVE BRAULIO
APONTE, Shield No. 175, and JOHN/JANE DOES
1-2, Shield Nos. Unknown,

                              Defendants.
------------------------------------------------X

        Plaintiff Donna Greene, by her attorney Scott A. Korenbaum, Esq., for her complaint, alleges as follows:

## INTRODUCTION

1.     Plaintiff Donna Greene brings this action, pursuant to 42 U.S.C. § 1983, to redress the deprivation of her federal constitutional rights. More specifically, during the early morning hours of October 11, 2017, defendants, each of whom were members of the New York City Police Department, falsely arrested Ms. Greene.

## JURISDICTION AND VENUE

2.     Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Ms. Greene's claim arises under federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to the claims of Ms. Greene arising under the common law of the State of New York.

3.     Pursuant to 28 U.S.C. § 1391(b), venue is proper as a substantial part of the events or omissions giving rise to Ms. Greene's claims occurred in the Bronx.

## PARTIES

4.     Ms. Greene is a citizen of the United States. She resides in the State of New

York, County of Bronx.

5.  Defendant Braulio Aponte was, at all times relevant herein, a member of the New York City Police Department. Upon information and belief, at all times relevant herein, he held the rank of Detective and was assigned to one of the Department's narcotic units.

6.  Upon information and belief, defendant Aponte is still a member of the Department. At all times relevant herein, he was acting within the scope of his employment and under color of law.

7.  Defendant police officers John Does and/or Jane Roes 1-2, shield nos. unknown, were, upon information and belief, members of the Department. Upon further information and belief, at all times relevant herein, they were assigned to assigned to one of the Department's narcotic units.

8.  At all times relevant herein, police officers John Does and/or Jane Roes 1-2 were acting within the scope of their employment and under color of law.

9.  Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of the individually named defendants.

ADMINISTRATIVE PREREQUISITES

10. In October 2017, Ms. Greene filed a timely Notice of Claim with defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law, concerning her arrest. By Notice dated November 2, 2017, the City acknowledged receipt of Ms. Greene's notice of claim.

11.     On June 25, 2018, Ms. Greene appeared for a hearing, pursuant to General Municipal Law § 50-h.

12.     At least thirty days have elapsed since Ms. Greene filed her Notice of Claim and adjustment or payment thereof has been neglected or refused. This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

## FACTS UNDERLYING THE COMPLAINT

13.     Ms. Greene is legally blind. She resides at 2111 Southern Blvd., Apt. 18C, in the Bronx.

14.     At approximately midnight on October 10-11, 2017, Ms. Greene was inside a grocery store (the "store") located at 2109 Southern Boulevard.

15.     After approximately 10-15 minutes inside the store, one or more members of the Department, including, defendant Aponte and Does 1-2, entered the store. Shortly thereafter, these defendants arrested Ms. Greene.

16.     Defendants arrested Ms. Greene for Criminal Sale of a Controlled Substance in the Third Degree and Petit Larceny. According to defendants, Ms. Greene agreed to sell cocaine, took pre-recorded buy money and left the store, but never returned to exchange the drugs.

17.     Ms. Greene never agreed to sell cocaine, never took money from an undercover officer (or anyone else), and never left the store. Instead, she was arrested inside the store by the defendants.

18.     Following Ms. Greene's arrest, Ms. Greene was placed in a van to be taken to the 48th precinct. Because she is legally blind, she needed officer assistance. Instead, one or more

members of the Department pushed her into the van, and never restrained her with a seatbelt.

19. During the ride to the precinct, Ms. Greene was not restrained, as mentioned. She slid during the ride, bumping her head on occasion.

20. Ultimately, Ms. Greene was taken to Bronx Central Booking. Ms. Greene was arraigned during the late hours of October 11th. The charges were dismissed at arraignment.

## FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983--False Arrest)

21. Plaintiff Donna Greene repeats and realleges the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

22. On October 11, 2017, one or more of the individual defendants arrested Ms. Greene.

23. The individual defendants did not have probable cause to believe that Ms. Greene had committed any crime. Put simply, Ms. Greene did not engage in any conduct that warranted her arrest and detention.

24. As a result of the individual defendants' conduct, Ms. Greene was detained, and at all times she knew she was detained. Moreover, Ms. Greene did not consent to her confinement.

25. Because the individual defendants did not have probable cause to believe that Ms. Greene had committed a crime, her arrest was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

26. As a result of her arrest by the individual defendants, Ms. Greene suffered psychological injuries, and continues to suffer psychological harm. Moreover, as a result of her arrest, Ms. Greene suffered non-permanent physical injury.

## SECOND CLAIM FOR RELIEF
(State Law--False Arrest)

27. Plaintiff Donna Greene repeats and realleges the allegations contained in paragraphs 1 through 26, as if fully set forth herein.

28. On October 11, 2017, one or more of the individual defendants arrested Ms. Greene.

29. These defendants did not have probable cause to believe that Ms. Greene had committed any crime. Put simply, Ms. Greene did not engage in any conduct that warranted her arrest and detention.

30. As a result of these defendants' conduct, Ms. Greene was detained, and at all times she knew she was detained. Moreover, Ms. Greene did not consent to her confinement.

31. Because these defendants did not have probable cause to believe that Ms. Greene had committed a crime, no legal justification existed for her arrest.

32. The individual defendants were agents of defendant City and were at all relevant times acting within the scope of their employment.

33. As a result of their arrests by the individual defendants, Ms. Greene suffered psychological injuries, and continue to suffer psychological harm. Moreover, as a result of her arrest, Ms. Greene suffered non-permanent physical injury.

34. As the employer of the individual defendants, defendant City is responsible for Ms. Greene's injuries under the doctrine of *respondeat superior.*

## THIRD CLAIM FOR RELIEF
(State Law--Battery)

35. Plaintiff Donna Greene repeats and realleges the allegations contained in

paragraphs 1 through 34, as if fully set forth herein.

36. On October 11, 2017, one or more of the individual defendants intentionally and without legal justification touched Ms. Greene in a harmful and offensive manner.

37. Ms. Greene did not consent or authorize defendants to touch her this way.

38. The individual defendants were agents of defendant City and were at all relevant times acting within the scope of their employment.

39. As a result of the individual defendants' conduct, Ms. Greene suffered physical and psychological injury, and continues to suffer psychological injury. Moreover, as a result of her arrest, Ms. Greene suffered non-permanent physical injury.

40. As the employer of the individual defendants, defendant City is responsible for the injuries Ms. Greene suffered, and continues to suffers, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

41. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Donna Greene prays for the following relief:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages in an amount to be determined at trial;

(c) reasonable attorneys' fees;

(d) costs and expenses; and

(e) such other and further relief as is just and proper.

Dated: New York, New York
January 9, 2019

                                        SCOTT A. KORENBAUM, ESQ.
                                        Attorney for Plaintiff
                                        11 Park Place, Suite 914
                                        New York, New York 10007
                                        (212) 587-0018

By: _____
                                        Scott A. Korenbaum